**William VIDAL, Petitioner–Appellant,**

v.

**James E. SULLIVAN, Superintendent, Sing Sing Correctional Facility, Robert Abrams, The Attorney General of the State of New York, Respondents,**

**James E. Sullivan, Superintendent, Sing Sing Correctional Facility, Respondent–Appellee.**

**No. 341, Docket 88–2053.**

United States Court of Appeals, Second Circuit.

Argued Dec. 2, 1988.

Decided Dec. 6, 1988.

Robert E. Precht, New York City, The Legal Aid Soc. Federal Defender Services Unit, New York City, for petitioner-appellant.

Ann M. Donnelly, Asst. Dist. Atty., New York County, New York City (Robert M. Morgenthau, Dist. Atty., Phyllis A. Monroe, Asst. Dist. Atty., New York County, New York City, of counsel), for respondent-appellee.

Before WINTER and MAHONEY, Circuit Judges, and METZNER, District Judge.*

---

* The Honorable Charles M. Metzner, Senior United States District Judge for the Southern District of New York, sitting by designation.

**PER CURIAM:**

On June 1, 1983, Steven Tripp was robbed at knifepoint in the vestibule of his apartment house. After the police arrived, Mr. Tripp explained that he not only knew who the robber was, but that he also knew that the robber resided at 139 West 28th Street. Mr. Tripp then described the robber as a six foot, one inch, 150 pound Hispanic man who was approximately thirty years old. Later that day, Detective Michael Brennan spoke with Mr. Tripp concerning the robbery. At that time Mr. Tripp stated that the robber's height was five feet, nine inches.

Appellant William Vidal was arrested and charged with committing the robbery in question. Vidal is five feet, six inches tall and weighs 130 pounds. At trial, Mr. Tripp described his assailant as slightly taller than his own height of five feet, six inches and slightly thinner than his own weight of 140 pounds. Tripp identified Vidal as the robber.

Vidal's counsel sought to undermine the credibility of Tripp's identification by eliciting testimony from a Detective Flanagan that Tripp had stated shortly after the incident that the robber was six feet, one inch tall. The prosecution then produced Detective Brennan, who testified to Tripp's later description of the robber as five feet, nine inches tall. Vidal's counsel objected to the introduction of that statement, claiming that it constituted an inadmissible prior consistent statement. The trial court overruled Vidal's objection, but instructed the jury that the statement could not be considered for its truthfulness, "but only for the fact that the complainant ... gave a description of a height to the detective." Vidal now claims that admission of that statement deprived him of a fair trial.

We note initially that the introduction of the statement did not infringe Vidal's right of confrontation under the Sixth Amendment. "The value of confronting a witness lies in testing the trustworthiness of his testimony." *Collins v. Francis*, 728

**4**

F.2d 1322, 1336 (11th Cir.), *reh. denied,* 734 F.2d 1481, *cert. denied,* 469 U.S. 963, 105 S.Ct. 361, 83 L.Ed.2d 297 *reh. denied,* 469 U.S. 1143, 105 S.Ct. 826, 83 L.Ed.2d 818 (1984). Tripp's statement, however, was not introduced for the truth of the matter asserted, but only for the fact that Tripp had provided the police with multiple descriptions of his assailant. Consequently, the trustworthiness of the statement is irrelevant. Moreover, Vidal's constitutional right to confrontation would have been satisfied even if the statement had been offered for the proof of the matter stated. In *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), the Supreme Court held that "the Confrontation Clause does not require excluding from evidence the prior statements of a witness who concedes making the statements, and who may be asked to defend or otherwise explain the inconsistency between his prior and present version of the events in question, thus opening himself to full cross-examination at trial as to both stories." *California v. Green,* 399 U.S. at 164, 90 S.Ct. at 1938. The circumstances characterizing the introduction of the presently contested statement clearly fall within these parameters. Indeed, no one disputed the fact that Tripp had made the statement to Detective Brennan, and Tripp was available at trial for cross-examination by Vidal's counsel.

■ Nor did the admission of the prior statement in question otherwise deprive Vidal of a fair trial. That statement was not introduced as a prior consistent statement in order to convince the jury that Tripp had previously told police what he testified to before the jury. In fact, the statement to Detective Brennan was itself inconsistent with Tripp's testimony. Its use as evidence was intended solely to clarify the nature of his prior inconsistent statements and the quality of that inconsistency. Had the statement been excluded, the jury would have been left with a misleading version of Tripp's statements to the police. Admission, therefore, hardly deprived Vidal of a fair trial.

AFFIRMED.